**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 20-cv-02922-CMA-KMT

ANDREW WOMMACK MINISTRIES, INC.,

    Plaintiff,

v.

JARED POLIS, in his official capacity as Executive Director of the Colorado Department of Public Health and Environment,
JILL HUNSAKER RYAN, in her official capacity as Executive Director of the Colorado Department of Public Health and Environment, and
JACQUELINE REVELLO, in her official capacity as Director of Teller County Department of Public Health and Environment

    Defendants.

---

**ORDER DENYING MOTION FOR INJUNCTIVE RELIEF**

---

This matter is before the Court on Plaintiff Andrew Womack Ministries, Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. # 2.) For the following reasons, the Motion is denied.

### I.    BACKGROUND

This case is one of many attempts to enjoin the enforcement of state public health laws in order to allow large groups of people to gather together—in the middle of a global pandemic. The Court declines to grant such relief.

Plaintiff asserts that Governor Polis' orders that limit the ability of individuals to engage in conduct that poses a high risk of transmitting the COVID-19 virus:

> internally discriminate between AWMI's permissible nonreligious activities and its impermissible religious activities in the same building, for the same number of people. The Governor's Orders also externally discriminate between AWMI's religious activities and the non-religious activities of other "Critical Businesses" and formally exempt entities, and *de facto* exempt mass protests." Thus, the Governor's Orders infringe on AWMI's constitutionally protected rights to free exercise and speech, and freedom from hostility towards its sincerely held religious beliefs. The Constitution does not have provide [sic] a pause button for the COVID-19 pandemic, and the Governor's unconstitutional restriction of AWMI's cherished First Amendment liberties should be enjoined.

(Doc. # 2 at 39.)

Numerous courts have considered, and persuasively rejected, nearly identical arguments.

## II.     LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy, the exception rather than the rule." *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 797 (10th Cir. 2019) (quoting *U.S. ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888 (10th Cir. 1989)). Thus, injunctive relief should be granted only when the moving party **clearly and unequivocally** demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). A party seeking a preliminary injunction must show: (1) the movant is substantially likely to succeed on the merits; (2) the movant will suffer irreparable injury if the injunction is denied; (3) the movant's threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest. *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016).

### III.     DISCUSSION

As a preliminary matter, the Court finds that Plaintiff is seeking a disfavored injunction "that would grant them essentially all the relief they request in their . . . complaint." *High Plains Harvest Church v. Polis*, No. 1:20-cv-01480-RM-MEH, 2020 WL 3263902, at *2 (D. Colo. June 16, 2020) (finding injunction to be disfavored when, as here, church sought relief from COVID-19 public health laws). "To get a disfavored injunction, the moving party faces a heavier burden on the likelihood-of-success-on-the-merits and the balance-of-harms factors: She must make a **strong showing** that these tilt in her favor." *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019) (emphasis added) (citation omitted).

### A.     PLAINTIFF IS NOT LIKELY TO SUCCEED ON THE MERITS

Plaintiff argues that the Governor's public health orders unconstitutionally restrict religious activities. Plaintiff further asserts that the alleged discrimination against religious activities is evidenced by the Governor's accommodation of recent civil rights protests. However, United States District Judge Raymond Moore recently rejected Plaintiff's arguments in *High Plains Harvest Church v. Polis*. In that case, Judge Moore denied a church's motion for a preliminary injunction, reasoning:

> In light of *South Bay* and the Supreme Court's more recent ruling in *Calvary Chapel Dayton Valley v. Sisolak*, No. 19A1070, 2020 WL 4251360 (July 24, 2020) ("*Calvary Chapel*"), the Court finds Plaintiffs have not made a strong showing of a reasonable likelihood of success in this matter. For the present purpose of determining whether preliminary relief is appropriate, the Court finds this case is not materially different from these Supreme Court cases, both of which denied injunctive relief. **Plaintiffs' attempt to distinguish *Calvary Chapel* on the ground that the lower courts did not confront the issue of whether public officials discriminated against those plaintiffs in favor of protesters is unavailing**. If officials can impose more

> severe restrictions on religious services than they can on bars, casinos, and gyms, it is difficult to see how the recent mass protests, which appear to have less in common with religious services than the activities at issue in *Calvary Chapel*, present circumstances where it is probable that the government's conduct is unconstitutional. Further, in his dissent in *Calvary Chapel*, Justice Alito addressed the notion that public officials might engage in viewpoint discrimination by expressing support for protesters while limiting attendance at church services, but that is not what the Court held. *See* 2020 WL 4251360, at *4 (Alito, J., dissenting).
>
> . . . . Plaintiffs essentially contend that because Defendants did not respond to the recent mass protests by wading into the crowd of demonstrators and arresting or citing people for public health violations, they may not now enforce the existing Executive Orders against Plaintiffs.
>
> Despite the myriad of differences between the protests and Plaintiffs' desired services (including indoor vs. outdoor, emergency vs. less exigent circumstances being faced by law enforcement, and other distinctions), Plaintiffs would have the Court preclude the state from enforcing public health orders—even as the COVID-19 pandemic again demonstrates its persistence and resilience—merely because the state addressed an unprecedented and potentially explosive situation with a modicum of restraint. Contrary to what Plaintiffs contend, the record evidence does not establish that the state encouraged protests or created *de facto* exemptions. And the state did not lose its authority to manage a public health emergency because of its response to the protests. And so, . . . the Court has little trouble finding, at the very least, that the burden of establishing a substantial likelihood of prevailing on the merits has not been met.

2020 WL 4582720, at *2 (emphasis added).

Additionally, the Seventh Circuit recently rejected a church's argument that similar public health laws unconstitutionally favored secular activity. In *Elim Romanian Pentecostal Church v. Pritzker*, No. 20-1811, 2020 WL 2517093, at *1 (7th Cir. May 16, 2020), Judge Frank Easterbrook held:

> The Executive Order's temporary numerical restrictions on public gatherings apply not only to worship services but also to the most comparable types of secular gatherings, such as concerts, lectures, theatrical performances, or choir practices, **in which groups of people gather together for extended periods, especially where speech and**

4

> **singing feature prominently and raise risks of transmitting the COVID-19 virus.** Worship services do not seem comparable to secular activities permitted under the Executive Order, such as shopping, in which people do not congregate or remain for extended periods.

For the same reasons, the Court finds that Plaintiff has not made a "strong showing" that it will prevail on the merits, which weighs against the issuance of a preliminary injunction. *High Plains Harvest Church*, 2020 WL 3263902, at *2.

### B. PLAINTIFF'S DELAY WEIGHS AGAINST IRREPARABLE HARM

It is well-established that "a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). Therefore, "the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.* (quoting *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990)). Accordingly, if the movant fails to meet its burden of establishing irreparable injury, courts "need not address the remaining preliminary injunction factors." *N.M. Dep't of Game and Fish v. U.S. Dep't of the Interior*, 854 F.3d 1236, 1249 (10th Cir. 2017) (citing *People for the Ethical Treatment of Prop. Owners v. U.S. Fish and Wildlife Serv.*, 852 F.3d 990, 1008 (10th Cir. 2017) ("If it is not necessary to decide more, it is necessary not to decide more.")); *see also Conry v. Estate of Barker*, No. 14-cv-02672-CMA-KLM, 2017 WL 5952709, at *1 (D. Colo. 2017) (same).

"A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain." *Awad v. Ziriax*, 670 F.3d 1111, 1131 (10th Cir. 2012) (quoting

*Dominion*, 269 F.3d at 1156). The party seeking injunctive relief must show that the harm is certain as opposed to theoretical, great, and "**of such imminence** that there is clear and present need for equitable relief." *Schrier v. Univ. of Colo.*, 427 F.3d at 1267 (emphasis added); *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1190 (10th Cir. 2003).

Plaintiff's delay in initiating this case heavily weighs against the issuance of a preliminary injunction. Colorado has had COVID-19 regulations in place for months. Moreover, Plaintiff chose to wait until a matter of days before its October conference to initiate this case. Thus, it is Plaintiff's own failure to act timely which has put it in this position. *Krueger Int'l, Inc. v. Nightingale Inc.*, 915 F. Supp. 595, 613 (S.D.N.Y. 1996) (Sotomayor, J.) ("**I decline to manufacture a sense of urgency that is not supported by plaintiff's own conduct**." (emphasis added)); *see, e.g.*, *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) ("a party's failure to act with speed or urgency in moving for a preliminary injunction necessarily undermines a finding of irreparable harm." (collecting cases)); *accord GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984) (delay in seeking injunctive relief undercuts irreparable harm argument). Plaintiff's failings in this regard constitute an independently sufficient basis to deny its Motion. *First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1143 (10th Cir. 2017) ("Without showing irreparable harm, [a plaintiff] cannot obtain a preliminary injunction." (citation omitted)).

**C.   BALANCE OF EQUITIES AND PUBLIC INTEREST DISFAVOR INJUNCTION**

Plaintiff seeks to enjoin public health laws in order to allow it to gather a large group of people during a pandemic. Granting such an injunction would present a high risk of harm to the state of Colorado as well as the public generally. The state has the responsibility to mitigate the impact of the COVID-19 virus, which is made more difficult when case numbers increase. The relief Plaintiff requests has the potential to increase case numbers significantly, placing a high burden on the state. Further, Plaintiff would be compromising the health of the public, which could cause the death of an untold number of innocent citizens.

**IV.   CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Doc. # 2) is DENIED.

DATED: September 29, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge